IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM HERRING | : | |
| | : | |
| v. | : | CIVIL NO. CCB-13-418 |
| | : | Criminal No. CCB-10-0336 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Federal prison inmate William Herring pled guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and 5 kilograms or more of cocaine hydrochloride. On February 3, 2012, Judge Benson E. Legg sentenced Herring, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to an agreed-upon sentence of 160 months in prison. This sentence was substantially below the advisory guideline range applicable to Herring, a career offender. In February 2013, Herring filed a motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The government filed a response. Herring, despite being given additional time to do so, did not reply. The motion will be denied.[1]

Herring identifies several ways in which appointed counsel allegedly was ineffective. He argues that his plea was not voluntary but does not say he would have gone to trial. He also says that counsel, despite using hearing aids, could not hear him, and that there was no presentence report. All arguments are without merit, as shown by the record.

First, the thorough Rule 11 colloquy conducted by Judge Legg shows that Herring understood the terms of the plea agreement, including the possible penalties and the sentence that would be recommended. (*See, e.g.*, 9/13/2011 Hr'g Tr., ECF No. 864-2, at 39:20–42:9.)

---

1 Judge Legg has retired from the bench, and the case has been reassigned to me.

1

Herring's options were discussed between himself and counsel, and also in the presence of government counsel. He understood that his choice was to go to trial and face a longer sentence if convicted because of his multiple prior drug convictions. Experienced counsel Peter Ward, Esq., attempted to negotiate a better offer from the U.S. Attorney, but was not able to do so. There is no evidence Ward could not hear the proceedings or was "sleeping" during an earlier suppression hearing. After a thorough discussion of all the issues, Herring chose to plead guilty and indicated he was satisfied with counsel. Judge Legg accepted the plea and subsequently imposed the recommended sentence. Finally, there was a presentence report prepared, which both counsel and Herring reviewed. (*See* 2/3/2012 Hr'g Tr., ECF No. 864-6, at 2:14–20.)

Consequently, while Herring may well be unhappy with the lengthy sentence he received, there is no basis to vacate that sentence, which was substantially under the advisory guideline range and consistent with other sentences in this case. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005) (internal citation omitted) (explaining that a plea may not be attacked merely because it is "unfavorable," but rather the defendant must show that he "made the unfavorable plea on the constitutionally defective advice of counsel, or that he could not have understood the terms of the bargain . . ."). Nor is a certificate of appealability justified under 28 U.S.C. § 2253(c).

A separate Order follows.

November 27, 2013            /s/
Date            Catherine C. Blake
           United States District Judge